## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH R BUCHOLZ,
as an individual, and on behalf
of all others similarly situated,

|  |  |
|---|---|
| Plaintiff, | Court File Number: |
| vs. | **CLASS ACTION COMPLAINT** |
|  | Jury Demanded |
| MENARD, INC., |  |
| Defendant. |  |

COMES NOW THE PLAINTIFF AND STATES HIS CAUSE OF
ACTION AS FOLLOWS:

### Introduction

Plaintiff Kenneth Bucholz sues Defendant Menard, Inc. under Wisconsin State and Federal Law for unlawfully electronically intercepting private oral communications by him as a former employee, customer, along with all other unwitting and non-consenting individuals within Defendant's retail store locations, in violation of the Wisconsin Electronic Communications Privacy Act at Wis. Stat. §968.27 et seq. and the United States Electronic Communications Privacy Act, 18 U.S.C. §§2510-2520.  Plaintiff demands trial by jury.

## Subject Matter Jurisdiction and the Parties

1.   Plaintiff Kenneth Bucholz is an adult individual domiciling at 2340 86th Street, Eau Claire, WI 54703.

2.   Plaintiff sets forth events and circumstances below which implicate prohibitions and civil remedies under United States law.

3.   Plaintiff prays for individual, general, compensatory damages in excess of $75,000.00, as set forth below.

4.   Plaintiff states claims that arise under United States law, specifically, 18 U.S.C. §§2510-2520.

5.   This court has subject matter jurisdiction in accordance with 28 U.S.C. §1331.

6.   Plaintiff states claims under Wisconsin law that arise from the same common nucleus of operative facts as that which supports his claims under United States law.

7.   This court has supplemental jurisdiction over Plaintiff's Wisconsin law claims in accordance with 28 U.S.C. §1367.

8.   Plaintiff makes class claims under Federal Rule of Civil Procedure 23(a-b(1-2)).

9.  Defendant Menard, Inc. is a business corporation with its principal place of business and corporate headquarters in the state of Wisconsin.

10. Defendant Menard, Inc. has an agent for service of process in Wisconsin located at Corporation Service Company 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717-2915.

## Venue

11. Plaintiff lays venue in the United States District Court Western District of Wisconsin, because the Defendant's Corporate Office is located within Eau Claire County and the substantial numbers of facts which comprise claims presented occurred within the County of Eau Claire.

## Facts

12. That Defendant does have electronic audio listening devices placed at their merchandise return counter located within each of their retail stores.

13. That the listen devices are not readily apparent to individuals visiting the stores.

14. That Defendant does not explicitly gain consent from individuals

to be listened to or recorded by these devices.

15. That Defendant does not conspicuously post notice that they listen to, record, and intercept electronically the oral communications of guests, patrons, or other individuals within the physical premises of Menard, Inc. retail stores in Wisconsin or any state in which Menard, Inc. operates a retail store.

16. That Plaintiff has shopped in Defendant's stores and made returns at the return desk in the states of Minnesota, Wisconsin, and North Dakota on numerous occasions.

17. That Plaintiff was employed by Defendant at both the North Dakota Menard, Inc. retail store in Minot, North Dakota and the Menard, Inc. Wisconsin Distribution Center in Eau Claire.

18. That while as an employee in retail and distribution capacity, he was never made aware that Defendant electronically intercepted and stored oral communications of employees, guests, patrons, or customers on the premises with electronic devices.

19. That Plaintiff as a retail employee did frequently visit the area of the return desk at the store mainly to make advertising signs.

20.  That Plaintiff did in fact have multiple conversations with other

employees who also were unaware of Defendant's practices of electronically intercepting or storing oral communications of employees, guests, patrons, or customers on the premises with electronic devices.

21. That Defendant's practice of electronically intercepting or storing oral communications of employees, guests, patrons, or customers on the premises is not commonly known by employees.

22. That Plaintiff is not aware of any employees which knew of the electronic devices used for electronically intercepting or storing oral communications of employees, guests, patrons, or customers on the premises.

23. That Defendant has the ability to eavesdrop electronically on the electronic oral communication interception devices from inside each store from a security office.

24. That Defendant has the ability and has in fact listened to each of these recording devices regardless of the State within the United States from its corporate office located within Eau Claire County.

25. That Plaintiff, under information and belief from reviewing

documents associated with *Scheffler v Menard, Inc.*, 18-cv-2373 (D. Minn. 2019), that Defendant did in fact unlawfully record him and unlawfully intercept electronically his oral communications, while working as an employee in the break room and elsewhere within both the Minot store and the Eau Claire, Wisconsin Distribution Center.

26. That under information and belief, Defendant did in fact eavesdrop and unlawfully intercept electronically oral communications of other employees while they were within the break rooms and other locations.

27. Plaintiff gave no consent to eavesdrop or intercept electronically his oral communications while an employee.

28. That Plaintiff during the past two years from the filing of this present lawsuit has physically patronized numerous retail stores on numerous occasions owned and operated by Defendant.

29. That during many visits, Plaintiff has made returns at the return desk and was unlawfully recorded.

30. That prior to discovering the devices and their purpose on March 28, 2019 that Defendant was unaware that he was being

recorded during any of his visits or employment.

31. That Plaintiff was in fact recorded, with his oral communications electronically intercepted by defendant without his consent in stores located in Wisconsin, North Dakota, and Minnesota within the past two (2) years prior to this lawsuit.

32. That the oral communications electronic interception devices had no individual operating or in control of them in any capacity to give one-party consent.

33. That the devices with a listening end of a security office or a corporate location does not have a party involved in which Plaintiff's communications were intercepted.

34. That no customer of Defendant's while returning merchandise is in a communication with an individual operating or in control of the oral communications electronic interception devices.

35. Plaintiff found Defendant's actions of audio monitoring and oral communications electronic interception on patrons, guests, and customers wildly offensive, concerning, and shocking.

36. He has visited Defendant's stores in Minnesota, North Dakota and Wisconsin over 1000 times in his lifetime and over at least

200 times during which the customer return desk recorded him.

37. That Defendant has electronically intercepted Plaintiff's oral communications at Defendant's return desks dozens of times between two years prior of the filing of this complaint and discovery by Plaintiff on March 28th, 2019 that eavesdropping on communications was done by Defendant.

38. That Plaintiff never gave consent explicitly or implicitly to the electronic interception of any of these oral communications in the Defendant's retail stores, at any time, nor did he give consent to the recording or storage of said electronically intercepted oral communications during this period.

39. Plaintiff regarded the possibility of Defendant throughout each of these instances of electronic interception of any of his oral communications, storage, recording, and subsequent transmission of his private conversations without his knowledge or consent of as an incredibly distressing circumstance.

40. Defendant's "Notice" that they audio monitor on premises is not conspicuously posted at any store location that Plaintiff has patronized.

41.  That in no Menard's store is said notice conspicuously displayed.

42.  That in no Menard's store is the notice placed in an area in which could be noticed before an individual enters the store.

43.  The sign is so situated that, for an average customer entering the store, whether she or he have ordinary eyesight corrected or uncorrected, he would only be able to view the notice upon exiting through the entrance doors.

44.  Each of Defendant's store locations which Plaintiff has personally patronized has a turnstile and a gate which prevents and makes it highly unlikely that customers would ever exit through the entrance doors, and thus notice the sign stating, "NOTICE AUDIO MONITORING ON THESE PREMISES".

45.  On information and belief upon reasonable inquiry and years of personal experience as a Menard, Inc. customer, each and every Menard's store has turnstile and a gate which discourages, prevents, and thus makes it highly unlikely that customers would ever exit through the entrance doors, and thus notice the sign stating, "NOTICE AUDIO MONITORING ON THESE PREMISES".

46.  That on Plaintiff's information and belief, based upon reading numerous print advertisements, viewing numerous television advertisement, and listening to numerous radio advertisements of Menard, Inc.'s stores over the years, Defendant does not publish the fact of its audio surveillance of its premises to the general public.

47.  That in the numerous prior visitations at Defendant's store locations that Plaintiff never was aware – nor made aware by any agent, representative, or employee of Menard, Inc. -- that Defendant audio monitored the premises.

48.  That Plaintiff has returned merchandise to numerous locations in the past and never noticed the sign, until he was made aware of it on March 28th, 2019 by Troy Scheffler.

49.  That during numerous private conversations which Plaintiff has had with friends, family, and significant others in each instance within Defendant's store locations, that neither Defendant nor any agent or representative of Defendant was party to any of the conversations.

50.  That during conversations Plaintiff had with agents, employees,

or representatives of Menard, Inc. in each instance within Defendant's store locations, be they conversations with cashiers, clerks, or roaming customer assistance representatives, no agent, employee, or representative of Menard, Inc. ever told Plaintiff that his verbal conversations within a Menard's store were monitored.

51. That Wis. Stat. §968.31(1) makes Defendant's conduct of using electronic equipment to intercept electronically oral communications to which it is not party a criminal offense.

52. That 18 U.S. Code §2511(1) makes Defendant's conduct of using electronic equipment to eavesdrop on communications to which it is not party a criminal offense.

53. That under the Common Law of Wisconsin, Plaintiff had a reasonable actual expectation that his personal, oral conversations within the premises of Menard's stores would not be electronically intercepted, stored, or transmitted.

54. That knowing such conduct was illegal emphasizes Plaintiff's reasonable and actual expectation of privacy, and the extreme nature of Defendant's conduct in violating that expectation.

55.  That all customers entering Defendant's stores have a reasonable expectation that their private oral communications on the Defendant's premises will not be electronically intercepted, stored, or transmitted.

56.  That Defendant could easily use electronically intercepted oral communications such as private conversations about merchandise, competitors, product quality, or prices as a means to profit.

57.  That Defendant is a for-profit business corporation.

58.  That Defendant's primary purpose is profit generation.

59.  That on information and belief and reasonable inquiry by the Plaintiff that Defendant profits, and has profited by, electronically intercepting, storing, and/or transmitting the oral communications of non-consenting customers.

60.  That Defendant is aware that if they conspicuously posted notice that it audio monitors or electronically intercepts, stores, and/or transmits the oral communications of patrons, guests, customers, and employees that this would negatively impact business.

61. That Defendant intentionally obscures notice that it electronically intercepts, stores, and/or transmits the oral communications of patrons, guests, customers, and employees.

62. That Defendant would strongly protest customers and competitors placing oral communication electronic interception equipment at their return desks and elsewhere which were capable or did intercept electronically, private oral communications.

63. That, on information and belief, that vast majority of United States citizens would not want to patronize a retail store that they knew electronically intercepted their oral communications on the premises, that is, spied on them by audio means.

64. That Defendant's policy of electronic interception of oral communications on its premises is not generally known by their own employees, including managers and employees working at the customer return desk.

65. That an individual that had any hope of seeing the obscure audio monitoring sign would already be inside the store so would already be subject to audio monitoring and electronic

interception of his or her oral communications on the premises, before any remote opportunity for implied consent.

66.    That by having such a notice, Defendant is aware that consent is needed from the parties whose oral communications the Defendant electronically intercepts, stores, or transmits.

67.    That individuals who are blind or otherwise visually impaired would not be able to read Defendant's sign to consent ever.

68.    That Plaintiff inquired who was being audio monitored, what was audio monitoring, and where the devices were located.

69.    Knowing countless conversations with scores of individuals have been or potentially were intercepted has inflicted severe emotional distress upon Plaintiff as he cannot determine the extent of his exposure to the non-consented electronic interception of his oral communications within Defendant's stores.

70.    That Defendant's conduct in secretly intercepting electronically any private or intimate oral communications or conversations of Plaintiff in violation of Federal and Wisconsin Law is extreme and outrageous.

71.   Plaintiff suffered emotional distress and general damages.

## CLASS ALLEGATIONS

72.   Plaintiff brings this action individually, and as a class action, pursuant to Fed. R. Civ. P. 23(a-b), on behalf of all consumer-subjects in Wisconsin as to Claim I below, of the following Class:

      All consumers, beginning two years before the filing of this Complaint and continuing through the resolution of this action, who entered one of Defendant's retail locations within the State of Wisconsin.

73.   The Class is so numerous that joinder of all members is impracticable.

74.   Although the precise number of Class members is unknown to Plaintiff, Defendant has thousands if not hundreds of thousands of individuals who shop at their approximately 300 retail stores. Defendant's sales records and marketing studies would show an accurate number of patrons entering their stores over a two year period.

75.   Accordingly, Plaintiff estimates that the class size numbers in the hundreds of thousands.

76. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.

77. The principal question is whether the Defendant violated 18 U.S.C. §2511(1) by failing to obtain consent of individuals entering their numerous stores and then subsequently using equipment to intercept those individual's private oral communications which Defendant was not party to.

78. The secondary question is whether the Defendant violated Wis. Stat. §968.31(1) by failing to obtain consent of individuals entering their numerous stores and then subsequently using equipment to intercept those individual's private oral communications which Defendant was not party to.

79. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

80. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications

with respect to the individual members of the Class, as well as a risk of incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, and the injuries to class members are amenable to class-wide injunctive relief to enjoin the Defendant from continued perpetration of spying on unwitting citizens.

81. Whether certain individuals entered Defendant's locations can easily be determined by a ministerial inspection of Defendant's business records.

82. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate.

83. The critical importance of the right to privacy expectation in the State of Wisconsin and the United States is a matter of paramount importance to the public and is most amenable to

resolution by class action.

84.  A class action is a superior method for the fair and efficient adjudication of this controversy.

85.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the statutory damages are limited under 28 U.S.C. §2520(c) and Wis. Stat. §968.31(2m).

86.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims and varying adjudications in statutory damages.

87.  The identities of the Class members may easily be obtained from Defendant's records and Class participants can easily prove membership through dated sales receipts, credit card statements, etc. and other records common for production in class actions.

88.  That Defendant's stores even have machines the public can use to print out old receipts simply by inserting the credit card they used to make the purchase.

89.  Plaintiff will fairly and adequately protect and represent the

interests of the Class.

90. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof.

91. Resolution of the merits of these claims for all class members, and the conferring of common relief upon each and all class members.

92. Moreover, Plaintiff can retain experienced counsel well versed in actions involving class actions and privacy law.

93. Neither Plaintiff nor his preferred counsel have any interests which might cause them not to pursue this claim vigorously.

94. That Plaintiff has prior relations with class counsel and will retain their services if he survives his individual claims and motions for class certification.

## Claims

### I.    *18 U.S.C. §§2511(1) and 2520*

95.  Plaintiff realleges and reasserts each and every claim and averment above.

96.  That Defendant has a policy of audio monitoring and electronic interception of the oral communications of individual guests, patrons, customers, employees, or other individuals within its retail store locations.

97.  That Plaintiff visited Defendant's Baxter, Minnesota and Eau Claire, Wisconsin store location at least 20 times in the past year and over 100 times in multiple stores over his lifetime.

98.  That in each visit he held private oral conversations with other individuals, either in person or on his cell phone.

99.  That Defendant was not party to oral communications with Plaintiff while audio monitoring him, and electronically interception his oral communications.

100.  That Plaintiff never consented to Defendant's electronic interception of his private oral communications on the premises of the Defendant's retail stores.

101.  That Plaintiff seeks actual damages from emotional distress.

102.  That Plaintiff seeks treble damages.

103. That Plaintiff seeks punitive damages.

104. In the alternative, if actual damages are below $10,000, the court may assess $10,000 in statutory damages or $100 for each day of violation, whichever is greater.

105. Plaintiff seeks costs and reasonable attorney fees.

106. Plaintiff seeks declaratory and injunctive relief to prohibit Defendant's violation of 18 U.S.C. §2511(1).

## Claim II: Wis. Stat. §968.31 et sq.

107. Plaintiff realleges and reasserts each and every claim and averment above.

108. That Defendant has a policy of audio monitoring and electronic interception of the oral communications of individual guests, patrons, customers, employees, or other individuals within its retail store locations.

109. That Plaintiff visited Defendant's Eau Claire, Wisconsin store location at least 20 times in the past year and over 100 times in multiple stores over his lifetime.

110. That in each visit he held private oral conversations with other individuals, either in person or on his cell phone.

111. That Defendant was not party to oral communications with Plaintiff while audio monitoring him, and electronically interception his oral communications.

112. That Plaintiff never consented to Defendant's electronic interception of his private oral communications on the premises of the Defendant's retail stores.

113. That Plaintiff seeks actual damages from emotional distress.

114. That Plaintiff seeks treble damages.

115. That Plaintiff seeks punitive damages.

116. In the alternative, if actual damages are below $10,000, the court may assess $10,000 in statutory damages or $100 for each day of violation, whichever is greater.

117. That Plaintiff seeks actual damages from emotional distress.

118. That Plaintiff seeks treble damages.

119. That Plaintiff seeks punitive damages.

120. In the alternative, if actual damages are below $10,000, the court may assess $10,000 in statutory damages or $100 for each day of violation, whichever is greater.

121. Plaintiff seeks costs and reasonable attorney fees.

122.  Plaintiff seeks declaratory and injunctive relief to prohibit

Defendant's violation of Wis. Stat. §968.31(1).

**WHEREFORE**, Plaintiff Kenneth Bucholz prays for the following relief

against the named Defendant:

A. Judgment in the favor of Plaintiff against Defendant;

B. Certification of the Class and naming Plaintiff as representative for

the Class;

C. Statutory and actual damages;

D. Treble damages;

E. Punitive damages;

F. Costs and disbursements in accordance with law;

G. Prejudgment interest in accordance with law;

H. Reasonable Attorney Fees;

I. Grant Plaintiff and the Class leave to amend the Complaint to

conform to evidence later produced; and

J. Such other legal or equitable relief as this court is pleased to grant.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

# VERIFICATION

Having reviewed the above complaint, plaintiff Kenny Bucholz affirms under penalty of law that all statements above, excluding those made on information and belief, are true to the best of Plaintiff's present knowledge.

Date: 07-08-2019

Kenneth Bucholz
Plaintiff
2340 86th Street
Eau Claire, WI 54703

Reviewed and signed per Fed. R. Civ. P. 11.

Date:8 July 2019          Respectfully:

PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas* (electronically signed)
Peter J. Nickitas, SBW 1001612
Attorney for Plaintiff
431 S. 7th St. #2446
Minneapolis, MN 55415
651.238.3445(D)/1.888.389.7890(F)
peterjnickitaslawllc@gmail.com