IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN WISCONSIN

| | |
|---|---|
| Kenneth R. Bucholz,<br>As an individual and on behalf of<br>All others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Menard, Inc.,<br><br>        Defendant. | Court File No.: 19-CV-00555<br><br>**MENARD, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12** |

## INTRODUCTION

Plaintiff Kenneth Bucholz ("Bucholz") asserts claims under the Wisconsin and federal wiretap statutes on the basis that Menard, Inc.'s audio monitoring device captured his conversations while at the customer return desk in Menard, Inc.'s retail stores. Bucholz's Complaint fails to state a claim upon which relief can be granted because his conversations are not "oral communications" within the meaning of the state and federal wiretap statutes. Bucholz's lawsuit should be dismissed with prejudice.

## ISSUE(S) PRESENTED

**I.      Whether the *Katz* reasonable expectation of privacy standard is the applicable standard in reviewing civil claims under state and federal wiretap statutes?**

**II.     Whether Plaintiff Kenneth Bucholz's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted because his expectation of privacy is not objectively reasonable?**

# FACTS

Bucholz alleges that Menard has "electronic audio listening devices placed at their (sic) merchandise return counter located within each of their retail stores." *Compl., ¶ 12*.[1] Scott Marquardt, a corporate representative for Menard, Inc., testified that audio monitoring devices are located at Menard, Inc.'s customer return desks, security rooms, and interview rooms. *Richardson Decl., Ex. A, Marquardt Dep., 26:11-20*. Customer return desks are located at the front entrance of each store. *Richardson Decl., Ex. B: Marquardt Aff., ¶ 6.*[2] The audio monitoring devices "can pick up normal sounds approximately 15 ft. away, or within a 30 ft. diameter circle." *Richardson Decl., Ex. C: Verifact A Instruction Manual*.

Bucholz alleges he has returned merchandise at Menard's return desk in Minnesota, Wisconsin, and North Dakota. *Compl., ¶ 16*. He also alleges as an employee he visited the return desk area primarily to make advertising signs. *Id., ¶ 19*. During his visits to the return

---

[1] In *Scheffler v. Menard, Inc.*, Scott Marquardt, a corporate representative for Menard, Inc., was deposed. The deposition was attached to Menard, Inc.'s motion for summary judgment in *Scheffler v. Menard, Inc*. See 18-cv-2373 (D. Minn. 2018), Docs. 48 and 48-1 at Ex. B. A copy of Scott Marquardt's deposition is attached to Jessica Richardson's Declaration for the Court's convenience only. Menard, Inc. requests this Court take judicial notice of Mr. Marquardt's deposition as a matter of public record. Because the deposition is a matter of public record, the Court does not need to convert this motion to a summary judgment. *Doe 52 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc.*, 98 F. Supp. 3d 989, 992 (W.D. Wis. 2015).

Furthermore, Bucholz references documents from the *Scheffler v. Menard, Inc.* in his Complaint. His allegations regarding the audio monitoring devices are central to his claims and based on information in the documents. Therefore, pursuant to Fed. R. Civ. P. 10(c), any attachments to a motion to dismiss are considered part of the pleadings and does not convert convert a Fed. R. Civ. P. 12(b)(6) motion to one of summary judgment. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

[2] Also in *Scheffler v. Menard, Inc.*, Menard, Inc. attached Mr. Marquardt's affidavit along with exhibits to its motion for summary judgment. *Scheffler v. Menard, Inc*. See 18-cv-2373 (D. Minn. 2018), Docs. 47 and 47-1. A copy of Mr. Marquardt's Affidavit and the pertinent exhibits are attached to an affidavit for the Court's convenience only. As with Mr. Marquardt's deposition, Menard, Inc. requests this Court take judicial notice of Mr. Marquardt's affidavit and exhibits as a matter of public record.

desk as an employee, Bucholz alleges he had "multiple conversations with other employees…" *Id.,* ¶ 20. Bucholz further alleges that he has had "numerous private conversations…with friends, family, and significant others" while in a Menard store. *Id.,* ¶ 49. Bucholz alleges that each time he was in Menard's stores, "he held private oral conversations with other individuals, either personal or on his cell phone." *Id.,* ¶¶ 98, 110.

## ARGUMENT

I.     **MOTION TO DISMISS STANDARD**

A defendant may bring a motion to dismiss when the allegations in a complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court faced with a motion pursuant to Fed. R. Civ. P. 12(b)(6) must accept all well-pled factual allegations in the complaint as true and view the facts in a light most favorable to the non-moving party. *Doe 52 v. Mayo Clinic Health Sys.-Eau Claire Clinic, Inc.*, 98 F. Supp. 3d 989, 990 (W.D. Wis. 2015).

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions." *Id.* Factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.*

## II. THE APPLICABLE STANDARD IN ANALYZING BUCHOLZ'S WIRETAP CLAIMS IS THE REASONABLE EXPECTATION OF PRIVACY ANALYSIS SET FORTH IN *KATZ V. UNITED STATES*

Wisconsin and federal statutes prohibit intentional interception of oral, electronic or wire communications except under certain circumstances. Wis. Stat. § 968.31(a); 18 U.S.C. § 2511(1)(a). Wisconsin's wiretap statute defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying the expectation…" Wis. Stat. § 968.27(12). Likewise, the federal wiretap statute defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2).

Wisconsin Statute § 968.27(12) is Wisconsin's implementation of the electronic surveillance portion of the federal wiretap statute. *State v. Duchow*, 2008 WI 57, ¶ 15, 310 Wis. 2d 1, 12, 749 N.W.2d 913, 918. In *Duchow*, the Wisconsin Supreme Court looked to the legislative history of the federal wiretap statute and concluded that like the federal wiretap statute, the definition of "oral communication" in the Wisconsin wiretap statute

contemplates the reasonable expectation of privacy test set forth by *Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507 (1967). *Id.*, ¶ 15-16. *Katz* instructs that in addition to a subjective belief in privacy, the belief must be one that society would consider to be reasonable in order to justify constitutional protection. 389 U.S. at 360-61, 88 S.Ct. at 516-17. The Wisconsin Supreme Court, following federal case law interpreting the federal wiretap statute, rejected the argument that "oral communications" under the Wisconsin wiretap statute contemplates an expectation of non-interception. *Id.*, ¶ 19.

The 7th Circuit, like Wisconsin and many other Federal Courts, applies the *Katz* expectation of privacy test to claims that 18 U.S.C. §§ 2510 et seq. has been violated. In *Matter of John Doe Trader No. One*, the 7th Circuit applied *Katz* and its progeny to determine whether it was a violation of the federal wiretap statute to record conversations taking place on the floor of the Chicago Mercantile Exchange. 894 F.2d 240, 242 (7th Cir. 1990). See also *United States v. Peoples*, 250 F.3d 630 (8th Cir. 2001); *Kee v. City of Rowlett, Texas,* 247 F.3d 206, 211 n. 8 (5th Cir. 2001); *United States v. Longoria,* 177 F.3d 1179, 1181 (10th Cir. 1999); *United States v. McKinnon*, 985 F.2d 525 (11th Cir. 1993); *United States v. McIntyre,* 582 F.2d 1221, 1223 (9th Cir.1978); *Gray v. Royal*, 181 F. Supp. 3d 1238, 1251 (S.D. Ga. 2016).

Although *State v. Duchow* and *Matter of John Doe Trader No. One* are criminal cases, Menard, Inc. could identify no Wisconsin state or 7th Circuit civil cases interpreting and applying either the Wisconsin or federal wiretap statutes. It stands to reason that case law interpreting and applying a statute should be consistent regardless of whether the case is a criminal or civil case. Furthermore, federal cases from other jurisdictions interpreting

and applying the federal wiretap statute in civil cases apply the *Katz* standard. See *Gray v. Royal*, 181 F. Supp. 3d 1238, 1251 (S.D. Ga. 2016); *Kee v. City of Rowlett, Texas,* 247 F.3d 206, 211, n. 8 (5th Cir. 2001).

Whether one's expectation of privacy is objectively reasonable is a question of law decided by the court. *State v. Yakes*, 226 Wis. 2d 425, fn.3, 595 N.W.2d 108 (Ct. App. 1999); *United States v. McBean*, 861 F.2d 1570, 1573 & n. 7 (11th Cir. 1988). This Court should apply the *Katz* analysis to the claims asserted in Plaintiff's Complaint to determine whether Plaintiff has set forth a claim upon which relief can be granted.

### III. BUCHOLZ'S EXPECTATION OF PRIVACY IN CONVERSATIONS NEAR A CUSTOMER RETURN DESK IN A RETAIL STORE IS NOT OBJECTIVELY REASONABLE

It is well settled law in this country that "[w]hat a person knowingly exposes to the public…is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351, 88 S. Ct. 507, 511, 19 L. Ed. 2d 576 (1967). The petitioner in *Katz* sought to exclude evidence obtained by the FBI by placing an electronic listening device on the roof of a phone booth from which the petitioner made telephone calls. In concluding that Katz had a reasonable expectation in privacy in the intercepted conversations, the Court noted that he entered the phone booth, shut the door behind him, and paid a toll in order to make a call. *Id*. at 352. The Court determine the expectation of privacy in the enclosed phone booth could be "[n]o less than [that of] an individual in a business office, in a friend's apartment, or in a taxicab." *Id*. In doing so, the Court created the reasonable expectation of privacy test paralleled in the subject statutes.

In *Matter of John Doe Trader No. One*, the Court concluded that the recorded conversations at issue did not fall within the statutory definition of "oral communications" because the Petitioner's expectation of privacy in the statements that were recorded was not objectively reasonable. 894 F.2d at 242. In that case, an undercover FBI agent, posing as a commodities trader on the floor of the Chicago Stock exchange, recorded numerous conversations he had with Doe. Id at 241. The Court noted that Doe himself described the trading floor as "typically noisy and frantic." *Id*. at 243. In reaching its conclusion, the Court reasoned that in light of the environment of the trading floor, including the presence many others (both the agents and other traders), a reasonable expectation of privacy did not exist. *Id*.

Since *Matter of John Doe Trader No. One*, courts have synthesized a non-inclusive list of factors to assess the objectively reasonableness of one's expectation of privacy.

> Factors to consider in determining whether a reasonable person would have an expectation of privacy in an oral conversation include: the nature of the location where the interception took place (whether it was in a private or a public locale); whether the conversation could be overheard with the naked ear; the subject matter of the conversation (*e.g.,* business versus personal); the volume of the conversation; the proximity or potential of other individuals to overhear the conversation; the potential for communications to be reported; the affirmative actions taken by the speaker to shield his privacy; and the need for technological enhancements to hear the communications.

*Aldrich v. Ruano*, 952 F. Supp. 2d 295, 302–03 (D. Mass. 2013), *aff'd,* 554 F. App'x 28 (1st Cir. 2014); see also *Kee v. City of Rowlett, Tex.*, 247 F.3d at 213-14 (similar).

The Wisconsin Supreme Court considered similar factors in *State v. Duchow*. 2008 WI 57, ¶ 22. In *Duchow*, a student on a school bus carried a voice-activated tape record in

his backpack which recorded Duchow, the school bus driver's threatening statements to him. *Id.*, at ¶ 6. Duchow moved to suppress the tape recordings on the grounds the recording violated Wisconsin's wiretap statute. *Id.*, at 8. The Supreme Court reviewed whether Duchow's statements were obtained in violation of the wiretap statute and therefore, should be suppressed. *Id.* The Supreme Court considered the totality of the circumstances and the list of factors, including the following six factors: (1) the volume of the statements; (2) the proximity of other individuals to the speaker, or the potential for others to overhear the speaker; (3) the potential for the communications to be reported; (4) the actions taken by the speaker to ensure his or her privacy; (5) the need to employ technological enhancements for one to hear the speaker's statements; and (6) the place or location where the statements are made. *Id.*, ¶ 22. The Court noted that some factors may have greater importance than others depending on the case. *Id.*, ¶ 24. The Court also noted that an employee's expectation of privacy is diminished in places that he shares with others and over which he does not have exclusive control. *Id.*, ¶ 25. The Court reasoned that in public places such as a school bus, there is no private space because the occupants are "surrounded by others and in view of the public through the bus's windows." *Id.*, ¶ 27 (quoting *Goodwin v. Moyer*, 549 F. Supp. 2d 621, 633). The Court concluded that Duchow's statements were not "oral communications" within the definition of the wiretap statute because his expectation of privacy was not reasonable.

In *Gray v. Royal*, the plaintiffs alleged a federal wiretapping claim based on surreptitiously recorded oral conversations by a colleague in an office area where both employees and non-employees were permitted. 181 F. Supp. 3d at 1254. The Court granted

summary judgment in favor of the defendant on the ground that the plaintiffs did "not have a reasonable expectation of privacy in such a common area" where members of the public visited frequently. *Id*. See also *United States v. Eisler*, 567 F.2d 814, 816 (8th Cir. 1977) (holding that an individual does not have an objectively reasonable expectation of privacy for conversations occurring in common areas of an apartment building); *United States v. Penco*, 612 F.2d 19, 24-25 (2d Cir. 1979) (same).

In this case, Bucholz's expectation of privacy was not objectively reasonable because his conversations were not made under circumstances justifying such expectations. The alleged statutory violations occurred in a location accessible by the public, not a private locale. Interception could only have taken place within 15 feet of a customer return desk located by the front entrance of a retail store – a public area over which Bucholz has no control. In fact, every guest who enters the store passes through the general area as it is adjacent to the entrance doors, creating a high probability of others in the proximity, much more akin to the "noisy and frantic" environment of the Chicago Stock Exchange than the seclusion of a phone booth, or even private office, with the door closed. Because the audio monitoring device at issue is not enhanced, only normal conversations that could just as easily have been overheard by others could have been intercepted. Because Bucholz did not have a reasonable expectation of privacy in conversations he had near the customer return desk at Menard's, any conversation he had that may have been intercepted to form the basis of this lawsuit was not an "oral communication" within the meaning of either the Wisconsin or the federal wiretap statutes.

## CONCLUSION

Bucholz has failed to state a claim upon which relief may be granted because no conversations at issue fall within the scope of the Wisconsin or federal wiretap statutes as they do not constitute "oral communications" as defined by those statutes. The conversations are not "oral communications" because Bucholz's expectation of privacy is not objectively reasonable. Menard, Inc.'s motion to dismiss should be granted.

Dated:   September 16, 2019              /s/*Jessica C. Richardson*
                                                            Jessica C. Richardson, Esq. (MN #32324X)
                                                            **TOMSCHE, SONNESYN & TOMSCHE, P.A.**
                                                            8401 Golden Valley Road, Suite 250
                                                            Minneapolis, MN 55427
                                                            T:  (763) 521-4499
                                                            E:  jrichardson@tstlaw.com

                                                            ***Attorneys for Defendant***